■ In the Matter of DEWEY THOMPSON, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner, dated March 23, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's grant of aid to families with dependent children so as to recoup an $1,100 allowance which had been advanced by the agency to avoid eviction for nonpayment of rent. Determination annulled, on the law, without costs or disbursements, and petition granted to the extent of directing the respondents to refund to petitioner the $1,100 previously recouped; the refund is made on condition that the $1,100 is to be used solely for the needs of petitioner's four minor children and for the repayment of (1) the $500 loan to him from Norma Hawkins and (2) the unpaid balance of the $125 loan to him from William Brown. In our opinion, the determination under review was not supported by substantial evidence. It was amply established by petitioner's testimony, the letter of William Brown and the letter of Norma Hawkins that the $1,100 recoupment by the respondents inflicted undue hardship upon petitioner's four minor children. We find that petitioner's evidence was essentially uncontro-

verted, factually and legally (see *Matter of Stewart v Smith*, 57 AD2d 897— as to the money petitioner therein was required to borrow). Although petitioner in the instant proceeding stated at a prior hearing that "In an attempt to educate my family I speculated, gambled", that transcript was merely evidence of what triggered the need for the $1,100 advance of January 8, 1975. There was no competent evidence that *after* January 8, 1975 petitioner (who, in March, 1975 was permanently abandoned by his wife, leaving to his sole care the parties' four minor children) gambled or otherwise mismanaged his funds. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.